# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMI L. CONNARD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0440** (BOR Appeal No. 2047678)
(Claim No. 2010101551)

**BURLINGTON UNITED METHODIST FAMILY SERVICES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammi L. Connard, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Burlington United Methodist Family Services, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2013, in which the Board affirmed a September 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 23, 2010, decision granting Ms. Connard no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Connard worked for Burlington United Methodist Family Services as a shift supervisor. On July 30, 2009, Ms. Connard was hit in the jaw by a struggling patient. The claims administrator held her claim compensable for a sprain of the jaw and an unspecified injury to the face and neck. Randall Short, M.D., then reviewed Ms. Connard's records and determined that there did not appear to be any impairment related to her jaw. He noted that she had previously undergone surgery on the temporomandibular joints (TMJ) of her jaw in 2007 and 2008. Dr. Short found that her jaw joints were replaced with prosthetic joints and this condition was not

1

related to her compensable injury. On December 23, 2010, the claims administrator granted Ms. Connard no permanent partial disability award related to her jaw injury. Yogesh Chand, M.D., then performed an independent medical evaluation of Ms. Connard. Dr. Chand believed that Ms. Connard had not reached her maximum degree of medical improvement, but he found that she had 19% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Chand found that she had 7% impairment because she could only masticate semi-solid food, 10% impairment for trigeminal neuralgia pain, and 3% impairment for abscess teeth. Prasadarao B. Mukkamala, M.D., also evaluated Ms. Connard, and he determined that her compensable injury had fully resolved. He found that she had no impairment or continuing symptoms related to her compensable conditions. Dr. Mukkamala determined that there was no evidence of trigeminal neuralgia. He also found that Ms. Connard's masticating problems were related to her pre-existing TMJ condition and surgeries. On September 19, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 1, 2013, leading Ms. Connard to appeal.

The Office of Judges concluded that the grant of no permanent partial disability award for the compensable jaw injury should be affirmed. The Office of Judges pointed out that both Dr. Short and Dr. Mukkamala found that Ms. Connard had no impairment of the jaw related to her July 30, 2009, injury. The Office of Judges considered the opinion of Dr. Chand, but it did not rely on his impairment calculation. The Office of Judges determined that Dr. Chand provided impairment ratings for trigeminal neuralgia pain and abscessed teeth even though they were not compensable conditions of the claim. The Office of Judges also found that Ms. Connard's inability to masticate solid foods was not related to the compensable injury but to her pre-existing TMJ condition. The Office of Judges determined that Ms. Connard should not receive any permanent partial disability award for this pre-existing condition. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Connard has not demonstrated that she is entitled to any permanent partial disability award in relation to her July 30, 2009, jaw strain and face and neck injury. The evaluation of Dr. Mukkamala demonstrates that Ms. Connard has no whole person impairment related to her compensable injury. Dr. Mukkamala recognized that Ms. Connard had some jaw related disability which prevented her from chewing solid foods. However, Dr. Mukkamala attributed this disability to her pre-existing TMJ condition. Dr. Mukkamala provided a thorough evaluation of Ms. Connard's impairment, and the Office of Judges was within its discretion in relying on his opinion. The Office of Judges was also justified in not relying on Dr. Chand's impairment calculation because his impairment rating would have compensated Ms. Connard for non-compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum